**NOT FOR PUBLICATION**

**FILED**

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUVENTINO ACEVEDO-RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-5431 <br><br> Agency No. A213-613-600 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026**
Pasadena, CA

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Juventino Acevedo-Rodriguez is a native and citizen of Mexico.

He petitions for review of a decision by the Board of Immigration Appeals ("BIA")

denying his applications for asylum, withholding of removal, and protection under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

the Convention Against Torture ("CAT").[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition.

1. Substantial evidence supports the BIA's withholding of removal determination.  Acevedo-Rodriguez failed to show the necessary nexus between his past harm or feared future harm and his membership in the "Acevedo-Rodriguez family," his proposed particular social group.  Though he testified that his eldest brother was kidnapped and tortured by the cartel, he also testified that the kidnapping was a result of mistaken identity and that the cartel released his brother once they realized their mistake.  There is no indication that the cartel subsequently targeted his brother.  Moreover, though Acevedo-Rodriguez testified that he himself was assaulted and robbed before he left Mexico, he also testified that he did not know who his attackers were and that such attacks are just "what happens" in "that part of Mexico City."  Acevedo-Rodriguez further testified that his parents were not victims of the cartel or corruption.

Nor did Acevedo-Rodriguez establish a clear probability of future harm in Mexico.  The kidnapping occurred more than a decade ago.  Acevedo-Rodriguez testified that he had not received any threats from anyone currently living in Mexico and that he was not aware of anyone there who wanted to harm him.  And the record does not compel the conclusion that Acevedo-Rodriguez could not

---

[1] Acevedo-Rodriguez does not challenge the denial of his application for asylum.

relocate within Mexico to avoid future harm. Several family members still live in the country, some of whom live in the state where Petitioner's brother was kidnapped, and some of whom have "relocate[d] to other states." There was no suggestion that they have been harmed. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021) ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."); *Arriaga-Barrientos v. I.N.S.*, 937 F.2d 411, 414 (stating that violence against family members must "create a pattern of persecution closely tied to the petitioner" to establish a well-founded fear of persecution "notwithstanding an utter lack of persecution against petitioner [himself]").

2. Substantial evidence supports the BIA's decision to deny Acevedo-Rodriguez's CAT claim. The attacks Acevedo-Rodriguez described do not compel the conclusion that the Mexican government would acquiesce in his torture. He did not cite any direct evidence that would suggest the contrary. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (holding that "demoralizing ineffectiveness" to combat cartel activity did "not prove that the Mexican government would acquiesce in the torture of its citizens at the hands of cartels").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal (Dkt. No. 4) will remain in place until the mandate issues. Petitioner's motion to stay removal is otherwise denied.